JEW

WRC by JEW

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CU 1170

SCOTT FRANKS

VERSUS

AMANDA FRANKS

JUDGMENT RENDERED: ___APR 1 6 2021___

* * * * * * *

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension • State of Louisiana
Docket Number 111,078 • Division C

The Honorable Katherine Tess Stromberg, Judge Presiding

* * * * * * *

Larry Bernard Hampton, Jr.               COUNSEL FOR APPELLANT
Baton Rouge, Louisiana                   PLAINTIFF—Scott Franks


Philip N. Maples                         COUNSEL FOR APPELLEE
Prairieville, Louisiana                  DEFENDANT—Amanda Franks


* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

Scott Franks appeals a judgment in favor of Amanda Franks declaring that any modification of his child support obligation based on the parties exercising shared physical custody of their minor child would not be retroactive to the date the parties began exercising shared physical custody in response to Mr. Franks' petition to modify custody. We affirm and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

The parties were married on August 5, 2006, and they had one child during their marriage. Mr. Franks filed a petition for divorce on September 19, 2014, and the parties were divorced by a judgment signed on November 16, 2015. Pursuant to a judgment signed by the trial court on October 19, 2015, the parties were awarded joint custody of the minor child, with Ms. Franks designated as the domiciliary parent, subject to specific physical custodial periods in favor of Mr. Franks. Specifically, the October 19, 2015 judgment awarded Mr. Franks physical custodial time during the summer, on holidays, and anytime Mr. Franks was in Louisiana. The record reflects that this physical custodial arrangement was based on the fact that Mr. Franks was on active military duty in the Air Force and stationed in Geilenkirchen, Germany. The October 19, 2015 judgment also set forth that Mr. Franks would pay child support to Ms. Franks in the amount of $1,113.00 per month, from May 6, 2015 through September 14, 2015, and that thereafter, he would pay child support in the amount of $745.00 per month.

On August 22, 2017, Mr. Franks filed a motion requesting a modification of custody and child support. Thereafter, the parties entered into a stipulated judgment on October 6, 2017,[1] that modified Mr. Frank's physical custodial schedule by providing him with physical custody of the child every other weekend

---

[1] Although the parties entered into the stipulated judgment on October 6, 2017, the judgment was not actually signed by the trial court until June 26, 2018.

during the school year, during the summer, and on holidays. The record reflects that this physical custodial arrangement was based on the fact that while Mr. Franks was still on active military duty, he was stationed at Barksdale Air Force Base in Bossier Parish, Louisiana. This stipulated judgment also provided for an award of child support in favor of Ms. Franks in the amount of $821.00 per month.

On June 11, 2018, Mr. Franks filed another motion to modify custody, seeking joint shared physical custody because he was no longer on active military duty and was residing in Ascension Parish, where the child and Ms. Franks were residing. In this motion, Mr. Franks did not specifically request a modification of his child support obligation; however, Mr. Franks "reserve[d] any and all claims and/or causes of action which may be available to him pursuant to and incidental to this proceeding," and he also prayed "for any and all other just and equitable relief reasonable in the premises."

It is undisputed that in October 2018, the parties began voluntarily sharing physical custody of the child. A dispute then arose between the parties as to a reduction in Mr. Franks' child support obligation based on the new shared custodial arrangement. See La. R.S. 9:315.9. Mr. Franks contended he was entitled to a reduction in child support obligation retroactive to the date the parties began sharing physical custody, despite the fact that in his June 11, 2018 motion to modify custody, he did not specifically seek a modification of his child support obligation. Mr. Franks contended that his reservation of "any and all claims and/or causes of action which may be available to him pursuant to and incidental to this proceeding" and his prayer "for any and all just and equitable relief reasonable in the premises" were sufficient to make any modification of his child support retroactive to the date the parties began sharing physical custody. On the other hand, Ms. Franks maintained that there was no judicial demand by Mr. Franks for a reduction in child support, and thus, he was not entitled to a retroactive reduction

3

in child support.

The parties subsequently entered into a stipulation, asking the trial court to determine the issue based on the memoranda of the parties. See La. C.C.P. art. 1871 (providing in pertinent part that "[c]ourts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed"). Thereafter, on August 3, 2020, the trial court issued written reasons for judgment and signed a judgment in favor of Ms. Franks and against Mr. Franks, declaring that "any modification of child support based on the parties exercising shared custody of the minor child shall not be retroactive to [the] date the parties began exercising shared custody in response to Mr. Franks' June 11, 2018 Petition to Modify Custody." From this judgment, Mr. Franks has appealed. See La. C.C.P. art. 1877.

Louisiana Revised Statutes 9:315.21(C) provides that "[e]xcept for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand." A judicial demand is commenced by the filing of a pleading presenting the demand for the enforcement of a legal right to a court of competent jurisdiction. **Jones v. American Home Assurance Company**, 2018-0107 (La. App. 4th Cir. 6/27/18), ___ So.3d ___, ___, 2018 WL 3151022 at *2; writ denied, 2018-1374 (La. 1/28/19), 263 So.3d 426; see La. C.C.P. art. 421. The pleading or petition "shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." La. C.C.P. art. 891(A).

The trial court, in its written reasons for judgment, determined that Mr. Franks' June 11, 2018 Petition to Modify Custody did not make a judicial demand for a modification of child support because it did not contain a prayer for a

modification of child support or any allegations of fact to indicate that Mr. Franks sought a modification of his child support obligation. The trial court further determined that Mr. Franks' reservation of "any and all claims and/or causes of action which may be available to him pursuant to and incidental to this proceeding" was simply a reservation and not a demand that would put Ms. Franks on notice that Mr. Franks sought to modify his child support obligation. Likewise, the trial court also determined that Mr. Franks' prayer for "any and all just and equitable relief reasonable in the premises" failed to put Ms. Franks on notice that Mr. Franks intended to seek relief in the form of a modification of child support. As such, the trial court declared that any modification of child support based on the parties exercising shared custody of the minor would not be retroactive to the date the parties began exercising shared custody in response to Mr. Franks' June 11, 2018 petition to modify custody.

Based on our review of the pleadings and applicable law, we find no error in the trial court's determination. In order for Mr. Franks to be entitled to a modification of his child support obligation based on shared custody and in order for that modification to be retroactive to the date the parties began sharing custody of the child, he had to make judicial demand for a modification of child support. See La. R.S. 9:315.21(C). Mr. Franks' June 11, 2018 motion for modification of custody does not mention Mr. Franks' child support obligation or otherwise demand or request a modification of his child support obligation. Further, Mr. Franks' reservation of causes of action incidental to a modification of custody and his prayer for all just and equitable relief are insufficient to constitute a judicial demand for a modification of support because those provisions fail to provide notice as to the demand or relief being sought or requested by Mr. Franks. As such, we must conclude there has been no judicial demand for a modification of support based on shared custody and the trial court's declaratory judgment in this

5

regard was correct.

For all of the above and foregoing reasons, the August 3, 2020 judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, Scott Franks.

**AFFIRMED.**